# EXHIBIT A

**Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/18/2025
CT Log Number 548668262

## Service of Process Transmittal Summary

**TO:**      Serviceof Process
CVS HEALTH COMPANIES
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**      **Process Served in California**

**FOR:**     Longs Drug Stores California, L.L.C.  (Domestic State: CA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: BRITNEY MENDOZA, on behalf of herself and others similarly situated // To: Longs Drug Stores California, L.L.C. |
| **CASE #:** | 25CV001377 |
| **NATURE OF ACTION:** | Employee Litigation |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/18/2025 at 12:57 |
| **JURISDICTION SERVED:** | California |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/19/2025, Expected Purge Date: 03/24/2025 |
| | Image SOP |
| | Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 330 N BRAND BLVD |
| | STE 700 |
| | GLENDALE, CA 91203 |
| | 877-564-7529 |
| | MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Mar 18, 2025
**Server Name:** Victor Mendez

| | |
|---|---|
| Entity Served | LONGS DRUG STORES CALIFORNIA, L.L.C. |
| Case Number | 25CV001377 |
| Jurisdiction | CA |

| Inserts |
|---|
| | | |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CVS PHARMACY, INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.;
and DOES 1 to 100, inclusive,

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 3/13/2025 3:20 PM
By: Ashley Kotila, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRITNEY MENDOZA, on behalf of herself and others similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER:<br>*(Número del Caso):* | |
|---|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Monterey County Superior Court<br><br>Monterey Courthouse, 1200 Aguajito Road, Monterey, CA 93940 | | 25CV001377 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph Lavi, Esq. (SBN 209776), Lavi & Ebrahimian, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211,(310) 432-0000

| DATE:<br>*(Fecha)* | 3/13/2025 | Clerk, by<br>*(Secretario)* | /s/ Ashley Kotila | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **Longs Drug Stores California,L.L.C**

under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☒ other *(specify):* **Limited liability company**
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 3/13/2025 3:20 PM
By: Ashley Kotila, Deputy

Joseph Lavi, Esq. (SBN 209776)
Vincent C. Granberry, Esq. (SBN 276483)
Jeffrey D. Klein, Esq. (SBN 297296)
Chloe J. Sykes, Esq. (SBN 349693)
**LAVI & EBRAHIMIAN, LLP**
8889 W. Olympic Boulevard, Suite 200
Beverly Hills, California 90211
Telephone: (310) 432-0000
Facsimile: (310) 432-0001
Email: jlavi@lelawfirm.com
        vgranberry@lelawfirm.com
        jklein@lelawfirm.com
        csykes@lelawfirm.com

Attorneys for Plaintiff BRITNEY MENDOZA,
on behalf of herself and others similarly situated

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF MONTEREY

| | |
|---|---|
| BRITNEY MENDOZA, on behalf of herself and others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>CVS PHARMACY, INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.; and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.:   25CV001377<br><br>**CLASS ACTION**<br><br>**PLAINTIFF BRITNEY MENDOZA'S COMPLAINT FOR DAMAGES AND RESTITUTION FOR:**<br><br>1.  **FAILURE TO PAY WAGES FOR ALL HOURS WORKED AT MINIMUM WAGE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**<br><br>2.  **FAILURE TO PAY OVERTIME WAGES FOR DAILY OVERTIME WORKED AND/OR FAILURE TO PAY OVERTIME WAGES AT THE PROPER OVERTIME RATE OF PAY IN VIOLATION OF LABOR CODE SECTIONS 510 AND 1194**<br><br>3.  **FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**<br><br>4.  **FAILURE TO AUTHORIZE OR PERMIT REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7** |

5.  **FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES/EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802**

6.  **FAILURE TO PAY WAGES FOR ACCRUED PAID SICK DAYS AT THE REGULAR RATE OF PAY IN VIOLATION OF LABOR CODE SECTION 246**

7.  **FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226**

8.  **FAILURE TO TIMELY PAY ALL EARNED WAGES AND FINAL PAYCHECKS DUE AT TIME OF SEPARATION OF EMPLOYMENT IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

9.  **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTIONS 17200, ET SEQ.**

**DEMAND FOR JURY TRIAL**

 **COMES NOW** Plaintiff  BRITNEY MENDOZA ("Plaintiff"), who alleges and complains on information and belief except as to those allegations relating to Plaintiff herself which are asserted on personal knowledge, against Defendants CVS PHARMACY, INC.; LONGS DRUG STORES CALIFORNIA, L.L.C.; and DOES 1 to 100, inclusive (collectively "Defendants") as follows:

**I.    INTRODUCTION**

 1.    This is a class action lawsuit seeking unpaid wages and interest thereon for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to pay overtime wages at the proper overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods  or pay meal period

premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; failure to pay wages for accrued paid sick time at the regular rate of pay; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; injunctive relief and other equitable relief; reasonable attorneys' fees pursuant to Labor Code sections 218.5, 226(e) and 1194; costs; and interest brought on behalf of Plaintiff and others similarly situated.

## II.    JURIDISCTION AND VENUE

2.    This Court has jurisdiction over Plaintiff's and putative class members' claims for failure to pay wages for all hours worked at minimum wage and all overtime hours worked at the overtime rate of pay; failure to pay overtime wages at the proper overtime rate of pay; failure to authorize or permit all legally required and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit all legally required and/or compliant rest periods or pay rest period premium wages; indemnification for all necessary expenditures or losses incurred by employees in direct consequence of discharging their duties; failure to pay wages for accrued paid sick time at the regular rate of pay; statutory penalties for failure to provide accurate wage statements; statutory waiting time penalties in the form of continuation wages for failure to timely pay employees all wages due upon separation of employment; and claims for injunctive relief and restitution under California Business and Professions Code sections 17200, *et seq.*, for the following reasons: Defendants operate throughout California; Defendants employed Plaintiff and putative class members in locations throughout California, including but not limited to Monterey County, at 662 E Boronda Road, Salinas, CA 93906, more than two-thirds of putative class members are California citizens; the principal violations of California law occurred in California; no other class actions have been filed against Defendants in the last four (4) years alleging wage and hour violations; the conduct of Defendants forms a significant basis for Plaintiff's and putative class members' claims; and Plaintiff and putative class members seek significant relief from Defendants.

## III.   **PARTIES**

3.   Plaintiff brings this action on behalf of herself and other members of the general public similarly situated. The named Plaintiff and the class of persons on whose behalf this action is filed are current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees. At all times mentioned herein, the currently named Plaintiff is and was a resident of California and was employed by Defendants in the State of California within the four (4) years prior to the filing of this Complaint.

4.   Defendants employed Plaintiff as an hourly non-exempt employee from in or around June 5, 2021, until on or about January 3, 2025.

5.   Plaintiff is informed and believes and thereon alleges that Defendants employed her and other hourly non-exempt employees throughout the State of California and therefore their conduct forms a significant basis of the claims asserted in this matter.

6.   Plaintiff is informed and believes and thereon alleges that Defendant CVS PHARMACY, INC. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 1-33 are, and at all times relevant hereto were persons acting on behalf of Defendant CVS PHARMACY, INC. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant CVS PHARMACY, INC. operates in Monterey County and employed Plaintiff and putative class members in Monterey County, including but not limited to, at 662 E Boronda Road, Salinas, CA 93906.

7.   Plaintiff is informed and believes and thereon alleges that Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. is authorized to do business within the State of California and is doing business in the State of California and/or that Defendants DOES 34-66 are, and at all times relevant hereto were persons acting on behalf of Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. in the establishment of, or ratification of, the aforementioned illegal wage and hour practices or policies. Defendant LONGS DRUG STORES CALIFORNIA, L.L.C. operates in Monterey County and employed Plaintiff and putative class members in Monterey

1 | County, including but not limited to, at 662 E Boronda Road, Salinas, CA 93906.

2 |     8.    Plaintiff is informed and believes and thereon alleges that Defendants DOES 67-

3 | 100 are individuals unknown to Plaintiff. Each of the individual Defendants is sued individually in

4 | his or her capacity as an agent, shareholder, owner, representative, supervisor, independent

5 | contractor and/or employee of each Defendants and participated in the establishment of, or

6 | ratification of, the aforementioned illegal wage and hour practices or policies.

7 |     9.    Plaintiff is unaware of the true names of Defendants DOES 1-100. Plaintiff sues

8 | said Defendants by said fictitious names and will amend this Complaint when the true names and

9 | capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted

10 | by law or by the Court. Plaintiff is informed and believes that each of the fictitiously named

11 | Defendants is in some manner responsible for the events and allegations set forth in this

12 | Complaint.

13 |     10.    Plaintiff is informed and believes and thereon alleges that at all relevant times, each

14 | Defendants was an employer, was the principal, agent, partner, joint venturer, officer, director,

15 | controlling shareholder, subsidiary, affiliate, parent corporation, successor in interest and/or

16 | predecessor in interest of some or all of the other Defendants, and was engaged with some or all of

17 | the other defendants in a joint enterprise for profit, and bore such other relationships to some or all

18 | of the other defendants so as to be liable for their conduct with respect to the matters alleged in

19 | this Complaint. Plaintiff is further informed and believe and thereon allege that Defendants acted

20 | pursuant to and within the scope of the relationships alleged above, and that at all relevant times,

21 | Defendants knew or should have known about, authorized, ratified, adopted, approved, controlled,

22 | aided and abetted the conduct of all other Defendants. As used in this Complaint, "Defendants"

23 | means "Defendants and each of them," and refers to the Defendants named in the particular cause

24 | of action in which the word appears and includes Defendant CVS PHARMACY, INC.; LONGS

25 | DRUG STORES CALIFORNIA, L.L.C.; and DOES 1 to 100, inclusive.

26 |     11.    At all times mentioned herein, each Defendants was the co-conspirator, agent,

27 | servant, employee, and/or joint venturer of each of the other Defendants and was acting within the

28 | course and scope of said conspiracy, agency, employment, and/or joint venture and with the

1    permission and consent of each of the other Defendants.

2        12.    Plaintiff makes the allegations in this Complaint without any admission that, as to

3    any particular allegation, Plaintiff bears the burden of pleading, proving, or persuading and

4    Plaintiff reserves all of Plaintiff's rights to plead in the alternative.

5    **IV.    DESCRIPTION OF ILLEGAL PAY PRACTICES**

6        13.    Pursuant to the applicable Industrial Welfare Commission ("IWC") Wage Order

7    ("Wage Order"), codified at California Code of Regulations, title 8, section 11040, Defendants are

8    employers of Plaintiff within the meaning of Wage Order 4 and applicable Labor Code sections.

9    Therefore, each of these Defendants is jointly and severally liable for the wrongs complained of

10   herein in violation of the Wage Order and the Labor Code.

11       14.    **Failure to pay wages for all hours worked at the legal minimum wage**:

12   Defendants employed many of their employees, including Plaintiff, as hourly non-exempt

13   employees. In California, an employer is required to pay hourly employees for all "hours worked,"

14   which includes all time that an employee is under the control of the employer and all time the

15   employee is suffered and permitted to work. This includes the time an employee spends, either

16   directly or indirectly, performing services which inure to the benefit of the employer.

17       15.    Labor Code sections 1194 and 1197 require an employer to compensate employees

18   for all "hours worked" at least at the minimum wage rate of pay as established by the IWC and the

19   Wage Orders.

20       16.    Plaintiff and similarly situated hourly non-exempt employees worked more minutes

21   per shift than Defendants credited them with having worked. Defendants failed to pay Plaintiff and

22   similarly situated employees all wages at the applicable minimum wage for all hours worked due

23   to Defendants' policies, practices, and/or procedures including, but not limited to:

24           (a) Requiring Plaintiff and similarly situated hourly non-exempt managers complete

25   opening duties, such as unlocking the door and disarm the alarm system, prior to being allowed to

26   clock in for the start of their shift.

27       17.    Plaintiff and similarly situated employees were not paid for this time resulting in

28   Defendants' failure to pay minimum wage for all the hours Plaintiff and similarly situated

1    employees worked.

2        18.    Therefore, Defendants suffered, permitted, and required their hourly non-exempt

3    employees to be subject to Defendants' control without paying wages for that time. This resulted

4    in Plaintiff and similarly situated employees working time for which they were not compensated

5    any wages, in violation of Labor Code sections 1194, 1197, and Wage Order 4.

6        19.    **Failure to pay wages for overtime hours worked at the overtime rate of pay**

7    **and/or failure to pay overtime wages at the proper overtime rate of pay**: Defendants

8    employed many of their employees, including Plaintiff, as hourly non-exempt employees. In

9    California, an employer is required to pay hourly employees for all "hours worked," which

10   includes all time that an employee is under the control of the employer and all time the employee

11   is suffered or permitted to work. This includes the time an employee spends, either directly or

12   indirectly, performing services which inure to the benefit of the employer.

13       20.    Labor Code sections 510 and 1194 and Wage Order 4 require an employer to

14   compensate employees at a higher rate of pay for hours worked in excess of eight (8) hours in a

15   workday, more than forty (40) hours in a workweek, and on any seventh consecutive day of work

16   in a workweek:

17           Any work in excess of eight hours in one workday and any work in excess of 40
             hours in any one workweek and the first eight hours worked on the seventh day of
18           work in any one workweek shall be compensated at the rate of no less than one and
             one-half times the regular rate of pay for an employee. Any work in excess of 12
19           hours in one day shall be compensated at the rate of no less than twice the regular
             rate of pay for an employee. In addition, any work in excess of eight hours on any
20           seventh day of a workweek shall be compensated at the rate of no less than twice
             the regular rate of pay of an employee.
21

22   Labor Code section 510; Wage Order 4, §3.

23       21.    Defendants failed to pay Plaintiff and similarly situated employees all wages at the

24   applicable minimum wage for all hours worked due to Defendants' policies, practices, and/or

25   procedures including, but not limited to:

26           (a) Requiring Plaintiff and similarly situated hourly non-exempt managers complete

27   opening duties, such as unlocking the door and disarm the alarm system, prior to being allowed to

28   clock in for the start of their shift.

1    22.    Plaintiff and similarly situated employees were not paid for this time.

2    23.    To the extent the employees had already worked 8 hours in the day and on
3    workweeks they had already worked 40 hours in a workweek, the employees should have been
4    paid overtime for this unpaid time. This resulted in hourly non-exempt employees working time
5    which should have been paid at the legal overtime rate but was not paid any wages in violation of
6    Labor Code sections 510, 1194, and Wage Order 4.

7    24.    Furthermore, overtime is based upon an employee's regular rate of pay. "The
8    regular rate at which an employee is employed shall be deemed to include all remuneration for
9    employment paid to, or on behalf, of the employee." *See* Division of Labor Standards
10    Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

11    25.    In this case, Plaintiff alleges that when she and similarly situated employees earned
12    overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay
13    due to Defendants' failure to include all remuneration when calculating the overtime rate of pay.
14    Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all
15    remuneration such as award and/or incentive pay for example, when calculating Plaintiff's and
16    similarly situated employees' regular rate of pay for the purpose of paying overtime.

17    26.    Defendants' foregoing policy, practice, and/or procedure resulted in Defendants
18    failing to pay Plaintiff and similarly situated employees at their overtime rate of pay for all
19    overtime hours worked, in violation of Labor Code sections 510, 1194, 1198, and the Wage Order.

20    27.    **Failure to authorize or permit all legally required and compliant meal periods**
21    **and/or failure to pay meal period premium wages:** Defendants often employed hourly non-
22    exempt employees, including the named Plaintiff and similarly situated employees, for shifts
23    longer than five (5) hours in length and shifts longer than ten (10) hours in length.

24    28.    California law requires an employer to authorize or permit an uninterrupted meal
25    period of no less than thirty (30) minutes no later than the end of the employee's fifth hour of
26    work and a second meal period no later than the employee's tenth hour of work. Labor Code
27    section 512; Wage Order 4, §11. If the employee is not relieved of all duties during a meal period,
28    the meal period shall be considered an "on duty" meal period and counted as time worked. A paid

1  "on duty" meal period is only permitted when (1) the nature of the work prevents an employee
2  from being relieved of all duty and (2) the parties have a written agreement agreeing to on-duty
3  meal periods. If the employee is not free to leave the work premises or worksite during the meal
4  period, even if the employee is relieved of all other duty during the meal period, the employee is
5  subject to the employer's control and the meal period is counted as time worked. If an employer
6  fails to provide an employee a meal period in accordance with the law, the employer must pay the
7  employee one (1) hour of pay at the employee's regular rate of pay for each workday that a legally
8  required and compliant meal period was not provided. Labor Code section 226.7; Wage Order 4,
9  §11.

10      29.    Here, Plaintiff and similarly situated employees worked shifts long enough to
11  entitle them to meal periods under California law. Nevertheless, Defendants employed policies,
12  practices, and/or procedures that resulted in their failure to authorize or permit meal periods to
13  Plaintiff and similarly situated employees of no less than thirty (30) minutes for each five-hour
14  period of work as required by law. Such policies, practices, and/or procedures included, but were
15  not limited to:

16      (a) Sometimes failing to provide Plaintiff and similarly situated employees timely,
17  uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked as a result
18  of workflow and understaffing.

19      30.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees  a
20  meal period premium wage of one (1) additional hour of pay at their regular rate of compensation
21  for each workday the employees did not receive all legally required and compliant meal periods.
22  Defendants employed policies and procedures which ensured that employees did not receive any
23  meal period premium wages to compensate them for workdays in which they did not receive all
24  legally required and compliant meal periods.

25      31.    Finally, on occasions when Defendants paid Plaintiff and similarly situated
26  employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal
27  periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly
28  situated employees' regular rate of compensation. Specifically, Defendants maintained a policy,

practice, and/or procedure of failing to include all remuneration such as award and/or incentive pay for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay for the purpose of paying meal period premium wages.

32.    The aforementioned policies, practices, and/or procedures of Defendants resulted in Plaintiff and similarly situated employees not being provided with all legally required and compliant meal periods and/or not receiving premium wages to compensate them for such instances, all in violation of California law.

33.    **Failure to authorize and permit all legally required and compliant rest periods and/or failure to pay rest period premiums:** Defendants often employed non-exempt employees, including the named Plaintiff and similarly situated employees, for shifts of least three-and-a-half (3.5) hours.

34.    California law requires every employer to authorize and permit an employee a rest period of ten (10) net minutes for every four (4) hours worked or major fraction thereof. Labor Code section 226.7; Wage Order 4, §12. If the employer fails to authorize or permit a required rest period, the employer must pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday the employer did not authorize or permit a legally required rest period. *Id.* Under California law, "[e]mployees are entitled to 10 minutes' rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004, 1029; Labor Code section 226.7; Wage Order 4, §12. Rest periods, insofar as practicable, shall be in the middle of each work period. Wage Order 4, §12. Additionally, the rest period requirement "obligates employers to permit – and authorizes employees to take – off-duty rest periods." *Augustus v. ABM Security Services, Inc.,* (2016) 5 Cal.5th 257, 269. That is, during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time. *Id.*

35.    In this case, Plaintiff and similarly situated employees regularly worked shifts of more than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit all legally required and

1    compliant rest periods to Plaintiff and similarly situated employees. Such policies, practices,

2    and/or procedures included, but were not limited to:

3          (a) Sometimes failing to provide Plaintiff and similarly situated employees with net ten

4    (10) minute rest breaks for every four (4) hours worked or major fraction thereof as a result of

5    workflow and understaffing.

6          36.    Additionally, Defendants failed to pay Plaintiff and similarly situated employees a

7    rest period premium wage of one (1) additional hour of pay at their regular rate of compensation

8    for each workday the employees did not receive all legally required and compliant rest periods.

9    Defendants employed policies and procedures which ensured that employees did not receive any

10   rest period premium wages to compensate them for workdays in which they did not receive all

11   legally required and compliant rest periods.

12         37.    Finally, on occasions when Defendants did pay Plaintiff and similarly situated

13   employees a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted rest

14   periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and similarly

15   situated employees' regular rate of compensation. Specifically, Defendants maintained a policy,

16   practice, and/or procedure of failing to include all remuneration such as award and/or incentive

17   pay for example, when calculating Plaintiff's and similarly situated employees' regular rate of pay

18   for the purpose of paying rest period premiums.

19         38.    The aforementioned policies, practices, and/or procedures of Defendants resulted in

20   Plaintiff and similarly situated employees not being provided with all legally required and

21   compliant rest periods and/or not receiving premium wages to compensate them for such

22   instances, all in violation of California law.

23         39.    **Failure to indemnify employees for losses and expenditures incurred as part of**

24   **their employment:** Labor Code section 2802(a) states that "[a]n employer shall indemnify his or

25   her employee for all necessary expenditures or losses incurred by the employee in direct

26   consequence of the discharge of his or her duties, or of his or her obedience to the directions of the

27   employer..." An employer is prohibited from passing the ordinary business expenses and losses of

28   the employer onto the employee. (Labor Code section 2802).

40.    Defendants employed policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and similarly situated employees.    These policies, practices, and/or procedures included, but were not limited to,

(a)    Requiring Plaintiff and similarly situated employees to use or purchase their own tools and/or resources in order to work for Defendants, including but not limited to mileage and personal cellphone usage for work-related purposes - without reimbursing Plaintiff and similarly situated employees for such use.

41.    The costs incurred by Plaintiff and similarly situated employees to use or purchase their own tools and/or resources for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

42.    Defendants employed policies and procedures which ensured Plaintiff and similarly situated employees would not receive indemnification for the aforementioned necessary expenditures incurred as a result of their employment with Defendants.

43.    Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and similarly situated employees not receiving indemnification for employment-related expenditures, in violation of Labor Code section 2802.

44.    **Failure to provide sick pay wages:** Defendants had a policy and/or procedure where Plaintiff and similarly situated employees accrued paid sick time.

45.    Labor Code section 246, subdivision (a), states in relevant part "[a]n employee who…works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days." Additionally, an employee accrues paid sick days at the rate of no-less-than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employment. Labor Code section 246(b).

46.    Here, Plaintiff and similarly situated employees were employed by Defendants for 30 or more days and were entitled to paid sick days. Defendants, however, lacked a policy, practice, and/or procedure whereby Plaintiffs and similarly situated employees who were employed by Defendants for 30 days or more could accrue paid sick days at the rate of no-less-

than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employment as required by Labor Code section 246(b).

47.    In this case, Plaintiff alleges that when she and similarly situated employees elected to use paid sick time, Defendants failed to pay them sick time wages at the proper sick time rate of pay due to Defendants' failure to include all remuneration when calculating the sick time rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration including but not limited to award and/or incentive pay for example, when calculating Plaintiff and similarly situated employees' regular rate of pay for the purpose of paying sick time.

48.    Defendants' foregoing policy, practice, and/or procedure resulted in Defendants failing to provide Plaintiff and similarly situated employees paid sick days, in violation of Labor Code section 246.

49.    **Failure to provide accurate wage statements**: Labor Code section 226(a) provides, *inter alia*, that, upon paying an employee his or her wages, the employer must "furnish each of his or her employees ... an itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided, that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the pay period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

50.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to him and other similarly situated employees who were subject to Defendants' control for uncompensated time and who did not receive all their

earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

51.    **Failure to timely pay final wages**: An employer is required to pay all unpaid wages timely after an employee's employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202.

52.    As a result of the aforementioned violations of the Labor Code, Plaintiff alleges that she and on information and belief, other similarly situated employees, were not paid their final wages in a timely manner as required by Labor Code section 203. Minimum wages for all hours worked, overtime wages for overtime hours worked, meal period premium wages, and/or rest period premium wages (all described above), were not paid at the time of Plaintiff's and other similarly situated employees' separation of employment, whether voluntarily or involuntarily, as required by Labor Code sections 201, 202, and 203.

## V.    CLASS DEFINITIONS AND CLASS ALLEGATIONS

53.    Plaintiff brings this action on behalf of herself, on behalf of others similarly situated, and on behalf of the general public, and as members of a Class defined as follows:

A.    **Minimum Wage Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who were not paid at least minimum wage for all time they were subject to Defendants' control.

B.    **Overtime Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this matter through the date notice is mailed to a certified class who worked more than eight (8) hours in a workday, forty (40) hours in a workweek, and/or seven (7) days in a workweek, to whom Defendants did not pay overtime wages.

C.    **Regular Rate Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through

1   temp agencies in California at any time from four (4) years prior to the filing of the initial
2   Complaint in this matter through the date notice is mailed to a certified class who worked more
3   than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven (7)
4   days in a workweek, who received additional remuneration during pay periods in which they were
5   paid overtime wages, and whose compensation did not include such additional remuneration when
6   Defendants calculated those employees' overtimes wages.

7          D.      **Meal Period Class**: All current and former hourly non-exempt employees
8   employed by Defendants as direct employees as well as temporary employees employed through
9   temp agencies in California at any time from four (4) years prior to the filing of the initial
10  Complaint in this matter through the date notice is mailed to a certified class who worked shifts
11  more than five (5) hours yet Defendants failed to authorize or permit all required duty-free meal
12  periods of not less than thirty (30) minutes.

13         E.      **Meal Period Premium Wages Class**: All current and former hourly non-
14  exempt employees employed by Defendants as direct employees as well as temporary employees
15  employed through temp agencies in California at any time from four (4) years prior to the filing of
16  the initial Complaint in this matter through the date notice is mailed to a certified class who
17  received additional remuneration during pay periods in which they were paid meal period
18  premium wages and whose regular rate of pay did not include such additional remuneration when
19  Defendants calculated those employees' meal period premium wages.

20         F.      **Rest Period Class**: All current and former hourly non-exempt employees
21  employed by Defendants as direct employees as well as temporary employees employed through
22  temp agencies in California at any time from four (4) years prior to the filing of the initial
23  Complaint in this matter through the date notice is mailed to a certified class who worked shifts of
24  at least three-and-a-half (3.5) hours who did not receive all required duty-free rest periods of a net
25  ten (10) minutes for every four (4) hours worked or major fraction thereof.

26         G.      **Rest Period Premium Wages Class**: All current and former hourly non-
27  exempt employees employed by Defendants as direct employees as well as temporary employees
28  employed through temp agencies in California at any time from four (4) years prior to the filing of

the initial Complaint in this matter through the date notice is mailed to a certified class who received additional remuneration during pay periods in which they were paid rest period premium wages and whose regular rate of pay did not include such additional remuneration when Defendants calculated those employees' rest period premium wages.

H.     **Indemnification Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive indemnification to reimburse them for the necessary expenditures incurred in the discharge of their duties.

I.     **Sick Time Pay Class**: All current and former hourly non-exempt employees employed by Defendants in California at any time from four (4) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who were employed by Defendants for 30 days or more, but who failed to accrue paid sick day days at the rate of no-less-than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employments.

J.     **Wage Statement Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from one (1) year prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who received inaccurate or incomplete wage and hour statements.

K.     **Waiting Time Class**: All current and former hourly non-exempt employees employed by Defendants as direct employees as well as temporary employees employed through temp agencies in California at any time from three (3) years prior to the filing of the initial Complaint in this action through the date notice is mailed to a certified class who did not receive payment of all unpaid wages upon separation of employment within the statutory time period.

L.     **California Class**: All aforementioned classes are herein collectively referred to as the "California Class."

54. There is a well-defined community of interest in the litigation and the classes are ascertainable:

A. **Numerosity**: While the exact number of class members in each class is unknown to Plaintiff at this time, the Plaintiff classes are so numerous that the individual joinder of all members is impractical under the circumstances of this case.

B. **Common Questions Predominate**: Common questions of law and fact exist as to all members of the Plaintiff classes and predominate over any questions that affect only individual members of each class. The common questions of law and fact include, but are not limited to:

i. Whether Defendants violated Labor Code sections 1194 and 1197 by not paying wages at the minimum wage rate for all time that the Minimum Wage Class Members were subject to Defendants' control;

ii. Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Overtime Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iii. Whether Defendants violated Labor Code sections 510 and 1194 by not paying the Regular Rate Class Members at the applicable overtime rate for working in excess of eight (8) hours in a workday, in excess of forty (40) hours in a workweek, and/or seven (7) days in a workweek;

iv. Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Class Members without providing all compliant and/or required meal periods and/or paying meal period premium wages;

v. Whether Defendants violated Labor Code sections 512 and 226.7, as well as the applicable Wage Order, by employing the Meal Period Premium Wages Class Members without paying meal period premium wages at the proper rate;

vi. Whether Defendants violated Labor Code section 226.7 by employing the Rest Period Class Members without providing all compliant and/or required rest

periods and/or paying rest period premium wages;

        vii.    Whether Defendants violated Labor Code section 226.7, as well as the applicable Wage Order, by employing the Rest Period Premium Wages Class Members without paying rest period premium wages at the proper rate;

        viii.    Whether Defendants violated Labor Code section 2802 by failing to provide Indemnification Class Members with reimbursement of costs to compensate them for the necessary expenditures incurred in the discharge of their duties;

        ix.    Whether Defendants violated Labor Code section 246 by employing the Sick Time Pay Class Members without accruing or paying sick pay wages;

        x.    Whether Defendants failed to provide the Wage Statement Class Members with accurate itemized statements at the time they received their itemized statements;

        xi.    Whether Defendants failed to provide the Waiting Time Class Members with all of their earned wages upon separation of employment within the statutory time period;

        xii.    Whether Defendants committed unlawful business acts or practice within the meaning of Business and Professions Code sections 17200, *et seq.*;

        xiii.    Whether Class Members are entitled to unpaid wages, penalties, and other relief pursuant to their claims;

        xiv.    Whether, as a consequence of Defendants' unlawful conduct, the Class Members are entitled to restitution, and/or equitable relief; and

        xv.    Whether Defendants' affirmative defenses, if any, raise any common issues of law or fact as to Plaintiff and as to Class Members as a whole.

        C.    **Typicality**: Plaintiff's claims are typical of the claims of the class members in each of the classes. Plaintiff and members of the Minimum Wage Class sustained damages arising out of Defendants' failure to pay wages at least at minimum wage for all time the employees were subject to Defendants' control. Plaintiff and members of the Overtime Wage Class sustained damages arising out of Defendants' failure to pay overtime wages for overtime hours worked. Plaintiff and members of the Regular Rate Class sustained damages arising out of

Defendants' failure to pay overtime wages at the proper rate for overtime hours worked. Plaintiff and members of the Meal Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required meal periods and/or meal periods that were duty-free and not less than thirty (30) minutes and/or failure to pay meal period premium wages as compensation. Plaintiff and members of the Meal Period Premium Wages Class sustained damages arising out of Defendants' failure to pay meal period premium wages at the proper rate. Plaintiff and members of the Rest Period Class sustained damages arising out of Defendants' failure to provide non-exempt employees with all required rest periods and/or rest periods that were duty-free and of a net ten (10) minutes and/or failure to pay rest period premium wages as compensation. Plaintiff and members of the Rest Period Premium Wages Class sustained damages arising out of Defendants' failure to pay rest period premium wages at the proper rate. Plaintiff and members of the Indemnification Class sustained damages from Defendants' failure to provide reimbursement of costs to compensate them for the necessary expenditures incurred in the discharge of their duties. Plaintiffs and the members of the Sick Pay class sustained damages from Defendants' failure to provide them paid sick days and further failure to pay them paid sick days during their employment and/or upon the separation of their employment from Defendants. Plaintiff and members of the Wage Statement Class sustained damages arising out of Defendants' failure to furnish them with accurate itemized wage statements in compliance with Labor Code section 226. Plaintiff and members of the Waiting Time Class sustained damages arising out of Defendants' failure to provide all unpaid yet earned wages due upon separation of employment within the statutory time limit.

D.    **Adequacy of Representation**: Plaintiff will fairly and adequately protect the interests of the members of each class. Plaintiff has no interest that is adverse to the interests of the other class members.

E.    **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Because individual joinder of all members of each class is impractical, class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

1 unnecessary duplication of effort and expense that numerous individual actions would engender.

2 The expenses and burdens of individual litigation would make it difficult or impossible for

3 individual members of each class to redress the wrongs done to them, while important public

4 interests will be served by addressing the matter as a class action. The cost to and burden on the

5 court system of adjudication of individualized litigation would be substantial, and substantially

6 more than the costs and burdens of a class action. Individualized litigation would also present the

7 potential for inconsistent or contradictory judgments.

8          F.          **Public Policy Consideration**: Employers throughout the state violate wage

9 and hour laws. Current employees often are afraid to assert their rights out of fear of direct or

10 indirect retaliation. Former employees fear bringing actions because they perceive their former

11 employers can blacklist them in their future endeavors with negative references or by other means.

12 Class actions provide the class members who are not named in the Complaint with a type of

13 anonymity that allows for vindication of their rights.

14                                    **FIRST CAUSE OF ACTION**

15 **FAILURE TO PAY WAGES FOR ALL HOURS OF WORK AT THE LEGAL MINIMUM**

16          **WAGE RATE IN VIOLATION OF LABOR CODE SECTIONS 1194 AND 1197**

17                   **(Against All Defendants by Plaintiff and the Minimum Wage Class)**

18          55.       Plaintiff incorporates by reference and re-alleges each and every allegation

19 contained in this pleading as though fully set forth herein.

20          56.       At all times relevant to this Complaint, Plaintiff and the Minimum Wage Class

21 were hourly non-exempt employees of Defendants.

22          57.       Pursuant to Labor Code sections 1194, 1197, and the Wage Order, Plaintiff and the

23 Minimum Wage Class are entitled to receive wages for all hours worked, i.e., all time they were

24 subject to Defendants' control, and those wages must be paid at least at the minimum wage rate in

25 effect during the time the employees earned the wages.

26          58.       Defendants' policies, practices, and/or procedures required Plaintiff and the

27 Minimum Wage Class to be engaged, suffered, or permitted to work without being paid wages for

28 all of the time in which they were subject to Defendants' control.

59.    Defendants employed policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and the Minimum Wage Class complete opening duties, such as unlocking the door and disarm the alarm system, prior to being allowed to clock in for the start of their shift.

60.    Plaintiff and the Minimum Wage Class were not paid for this time resulting in Defendants' failure to pay minimum wage for all the hours Plaintiff and the Minimum Wage Class worked.

61.    As a result of Defendants' unlawful conduct, Plaintiff and the Minimum Wage Class have suffered damages in an amount subject to proof, to the extent that they were not paid wages at a minimum wage rate for all hours worked.

62.    Pursuant to Labor Code sections 1194 and 1194.2, Plaintiff and the Minimum Wage Class are entitled to recover unpaid minimum wage, interest thereon, liquidated damages in the amount of their unpaid minimum wage, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE SECTIONS 510 and 1194

**(Against All Defendants by Plaintiff, the Overtime Class, and the Regular Rate Class)**

63.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

64.    At times relevant to this Complaint, Plaintiff, the Overtime Class, and the Regular Rate Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 510 and 1194 and the Wage Order 4.

65.    Pursuant to Labor Code sections 510 and 1194 and the Wage Order 4, hourly non-exempt employees are entitled to receive a higher rate of pay for all hours worked in excess of eight (8) hours in a workday, forty (40) hours in a workweek, and on the seventh day of work in a workweek.

66.    Labor Code section 510, subdivision (a), states in relevant part:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

67.     Further, Labor Code section 1198 provides,

The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours than those fixed by the order or under conditions of labor prohibited by the order is unlawful.

68.     Despite California law requiring employers to pay employees a higher rate of pay for all hours worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and on the seventh day of work in a workweek, Defendants failed to pay all overtime wages to Plaintiff and the Overtime Class for their daily overtime hours worked.

69.     Specifically, Defendants' employed policies, practices, and/or procedures including, but not limited to:

(a) Requiring Plaintiff and the Overtime Class complete opening duties, such as unlocking the door and disarm the alarm system, prior to being allowed to clock in for the start of their shift.

70.     Plaintiff and the Overtime Class were not paid for this time.

71.     To the extent that the foregoing unpaid time resulted from Plaintiff and the Overtime Class being subject to the control of Defendants when they worked more than eight (8) hours in a workday, more than forty (40) hours in a workweek, and/or seven days in a workweek, Defendants failed to pay them at their overtime rate of pay for all the overtime hours they worked.

72.     Overtime is based upon an employee's regular rate of pay. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." *See* Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

73.    In this case, when Plaintiff and Regular Rate Class Members earned overtime wages, Defendants failed to pay them overtime wages at the proper overtime rate of pay due to Defendants' failure to include all remuneration when calculating the overtime rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as award and/or incentive pay for example, when calculating Plaintiff's and Regular Rate Class Members' regular rate of pay for the purpose of paying overtime.

74.    As a result of Defendants' unlawful conduct, Plaintiff, the Overtime Class, and the Regular Rate Class have suffered damages in an amount subject to proof, to the extent that they were not paid at their proper overtime rate of pay for all hours worked which constitute overtime.

75.    Pursuant to Labor Code section 1194, Plaintiff, the Overtime Class, and the Regular Rate Class are entitled to recover the full amount of their unpaid overtime wages, prejudgment interest, and attorneys' fees and costs.

### THIRD CAUSE OF ACTION

**FAILURE TO AUTHORIZE OR PERMIT MEAL PERIODS IN VIOLATION OF LABOR CODE SECTIONS 512 AND 226.7**

**(Against All Defendants by Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class)**

76.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

77.    At all times relevant to this Complaint, Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class were hourly non-exempt employees of Defendants, covered by Labor Code sections 512 and 226.7 and the Wage Order.

78.    California law requires an employer to authorize or permit an employee an uninterrupted meal period of no less than thirty (30) minutes in which the employee is relieved of all duties and the employer relinquishes control over the employee's activities no later than the end of the employee's fifth hour of work and a second meal period no later than the employee's tenth hour of work. Labor Code sections 226.7, 512; Wage Order 4, §11; *Brinker Rest. Corp. v. Super Ct. (Hohnbaum)* (2012) 53 Cal.4th 1004. If the employer requires the employee to remain at

the work site or facility during the meal period, the meal period must be paid. This is true even where the employee is relieved of all work duties during the meal period. *Bono Enterprises, Inc. v. Bradshaw* (1995) 32 Cal.App.4th 968. Labor Code section 226.7 provides that if an employee does not receive a required meal or rest period that "the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest period is not provided."

79.    In this case, Plaintiff and the Meal Period Class worked shifts long enough to entitle them to meal periods under California law. Nevertheless, Defendants employed policies, practices, and/or procedures that resulted in their failure to authorize or permit meal periods to Plaintiff and the Meal Period Class of no less than thirty (30) minutes for each five-hour period of work as required by law. Such policies, practices, and/or procedures included, but were not limited to:

(a) Sometimes failing to provide Plaintiff and the Meal Period Class timely, uninterrupted, duty-free meal breaks of at least 30 minutes for every five hours worked as a result of workflow and understaffing.

80.    Additionally, Defendants failed to pay Plaintiff and the Meal Period Class one (1) hour of pay at their regular rate of pay for each workday they did not receive all legally required and legally compliant meal periods. Defendants lacked a policy and procedure for compensating Plaintiff and the Meal Period Class with premium wages when they did not receive all legally required and legally compliant meal periods.

81.    Finally, on occasions when Defendants paid Plaintiff and the Meal Period Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or interrupted meal periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's and the Meal Period Premium Wages Class' regular rate of compensation. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration such as award and/or incentive pay for example, when calculating Plaintiff's and the Meal Period Premium Wages Class' regular rate of pay for the purpose of paying meal period premiums.

82.    Defendants' unlawful conduct alleged herein occurred in the course of

employment of Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

83.    Because Defendants failed to provide employees with meal periods in compliance with the law, Defendants are liable to Plaintiff, the Meal Period Class, and the Meal Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant meal periods, pursuant to Labor Code section 226.7 and the Wage Order.

84.    Plaintiff, on behalf of herself, the Meal Period Class, and the Meal Period Premium Wages Class seeks damages and all other relief allowable, including a meal period premium wage for each workday Defendants failed to provide all legally required and legally compliant meal periods, plus pre-judgment interest.

## FOURTH CAUSE OF ACTION

### FAILURE TO AUTHORIZE OR PERMIT REQUIRED REST PERIODS IN VIOLATION OF LABOR CODE SECTION 226.7

**(Against All Defendants by Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class)**

85.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

86.    At all times relevant to this Complaint, Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class were employees of Defendants, covered by Labor Code section 226.7 and Wage Order 4.

87.    California law requires that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof...." Wage Order 4, §12. Employees are entitled to 10 minutes rest for shifts from three and one-half to six hours in length, 20 minutes for shifts of more than six hours up to 10 hours, 30 minutes for shifts of more than 10 hours up to 14 hours, and so on." *Brinker Restaurant Corp. v. Sup. Ct. (Hohnbaum)* (2012) 53

1    Cal.4th 1004, 1029; Labor Code section 226.7. Additionally, the rest period requirement

2    "obligates employers to permit – and authorizes employees to take – off-duty rest periods."

3    *Augustus v. ABM Security Services, Inc.*, (2016) 5 Cal.5th 257, 269. That is, during rest periods

4    employers must relieve employees of all duties and relinquish control over how employees spend

5    their time. *Id.* If an employer fails to provide an employee a rest period in accordance with the

6    applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the

7    employee's regular rate of compensation for each work day that the rest period is not provided."

8    Wage Order 4, §12; Labor Code section 226.7.

9        88.    In this case, Plaintiff and the Rest Period Class regularly worked shifts of more

10   than three-and-a-half (3.5) hours. Nevertheless, Defendants employed policies, practices, and/or

11   procedures that resulted in their failure to authorize or permit all legally required and compliant

12   rest periods to Plaintiff and the Rest Period Class. Such policies, practices, and/or procedures

13   included, but were not limited to:

14       (a) Sometimes failing to provide Plaintiff and the Rest Period Class with net ten (10)

15   minute rest breaks for every four (4) hours worked or major fraction thereof as a result of

16   workflow and understaffing.

17       89.    Additionally, Defendants failed to pay Plaintiff and the Rest Period Class one (1)

18   hour of pay at their regular rate of pay for each workday they did not receive all legally required

19   and legally compliant rest periods. Defendants lacked a policy and procedure for compensating

20   Plaintiff and the Rest Period Class with premium wages when they did not receive all legally

21   required and legally compliant rest periods.

22       90.    Further, on occasions when Defendants did pay Plaintiff and the Rest Period

23   Premium Wages Class a "premium" wage for late, missed, short, on-premise, on-duty, and/or

24   interrupted rest periods, Defendants failed to pay the one (1) additional hour of pay at Plaintiff's

25   and the Rest Period Premium Wages Class' regular rate of compensation. Specifically, Defendants

26   maintained a policy, practice, and/or procedure of failing to include all remuneration such as

27   award and/or incentive pay for example, when calculating Plaintiff's and the Rest Period Premium

28   Wages Class' regular rate of pay for the purpose of paying rest period premiums.

91.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class and such conduct has continued through the filing of this Complaint.

92.    Because Defendants failed to provide employees with rest periods in compliance with the law, Defendants are liable to Plaintiff, the Rest Period Class, and the Rest Period Premium Wages Class for one (1) hour of additional pay at the regular rate of compensation for each workday that Defendants did not provide all legally required and legally compliant rest periods, pursuant to Labor Code section 226.7 and the Wage Order.

93.    Plaintiff, on behalf of herself, the Rest Period Class, and the Rest Period Premium Wages Class seeks damages and all other relief allowable, including a rest period premium wage for each workday Defendants failed to provide all legally required and legally compliant rest periods, plus pre-judgment interest.

### FIFTH CAUSE OF ACTION

**FAILURE TO INDEMNIFY EMPLOYEES FOR EMPLOYMENT-RELATED LOSSES AND EXPENDITURES IN VIOLATION OF LABOR CODE SECTION 2802**

**(Against All Defendants by Plaintiff and the Indemnification Class)**

94.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

95.    Plaintiff and members of the Indemnification Class have been employed by Defendants in the State of California. Labor Code section 2802(a) states that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer..." An employer is prohibited from passing the ordinary business expenses and losses of the employer onto the employee. (Labor Code section 2802).

96.    Defendants violated Labor Code section 2802 by employing policies, practices, and/or procedures of impermissibly passing business-related expenses to Plaintiff and Indemnification Class Members. These policies, practices, and/or procedures included, but were not limited to,

(a)    Requiring Plaintiff and Indemnification Class Members to use or purchase their own tools and/or resources in order to work for Defendants, including but not limited to mileage and personal cellphone usage for work-related purposes - without reimbursing Plaintiff and Indemnification Class Members for such use.

97.    The costs incurred by Plaintiff and Indemnification Class Members to use or purchase their own tools and/or resources for their mandatory compliance with Defendants' aforementioned policies, practices, and/or procedures were significant as a result of their employment with Defendants.

98.    Moreover, Defendants employed policies and procedures which ensured that Plaintiff and Indemnification Class Members would not receive indemnification for all necessary expenditures or losses incurred by them in direct consequence of discharging their duties. Defendants' aforementioned policies, practices, and/or procedures resulted in Plaintiff and Indemnification Class Members not receiving indemnification for employment-related expenditures in compliance with California law.

99.    Because Defendants failed to indemnify employees for the necessary expenditures incurred in the discharge of their duties, they are liable to Plaintiff and Indemnification Class Members for monies to compensate them for such expenditures or losses pursuant to Labor Code section 2802.

100.    As a direct and proximate result of Defendants' violation of Labor Code section 2802, Plaintiff and Indemnification Class Members have suffered irreparable harm and monetary damages entitling them to both injunctive relief and restitution. Plaintiff, on behalf of themself and on behalf of the Indemnification Class, seeks damages and all other relief allowable including indemnification for all employment-related expenses as well as ordinary business expenses incurred by Defendants and passed on to Plaintiff and Indemnification Class Members, pursuant to Labor Code section 2802.

101.    Pursuant to Labor Code Section 2802, Plaintiff and Indemnification Class Members are entitled to recover full indemnification, reasonable attorneys' fees and costs of suit.

## SIXTH CAUSE OF ACTION

**FAILURE TO PAY WAGES FOR ACCRUED PAID SICK DAYS AT THE REGULAR**

**RATE OF PAY IN VIOLATION OF LABOR CODE SECTION 246**

**(Against All Defendants by Plaintiff and the Sick Pay Class)**

102.    Plaintiffs incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

103.    At all times relevant to this Complaint, Plaintiffs and the Sick Pay Class were employees of Defendants, covered by Labor Code section 246 and Wage Order 4.

104.    Labor Code section 246, subdivision (a), states in relevant part "[a]n employee who...works in California for the same employer for 30 or more days within a year from the commencement of employment is entitled to paid sick days." Additionally, an employee accrues paid sick days at the rate of no-less-than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employment. Labor Code section 246(b).

105.    Here, Plaintiffs and the Sick Pay Class were employed by Defendants for 30 or more days and were entitled to paid sick days. Also, Plaintiffs and the Sick Pay Class began accruing paid sick days since the beginning of each of their respective employment with Defendants.

106.    Labor Code section 246, subdivision (l), provides that an employer shall calculate the paid sick time for non-exempt employees in the same manner as the regular rate of pay for the workweek in which the employee elected to use paid sick time. "The regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf, of the employee." See Division of Labor Standards Enforcement – Enforcement Policies and Interpretations Manual, Section 49.1.2.

107.    In this case, Plaintiffs and the Sick Pay Class were employed by Defendants for 30 or more days and were entitled to paid sick days. Defendants, however, lacked a policy, practice, and/or procedure whereby Plaintiffs and the Sick Pay Class who were employed by Defendants for 30 days or more could accrue paid sick days at the rate of no-less-than one (1) hour per every thirty (30) hours worked, beginning at the commencement of employment as required by Labor Code section 246(b).

108.    Additionally, Plaintiff alleges that when she and Plaintiff and the Sick Pay Class elected to use paid sick time, Defendants failed to pay them sick time wages at the proper sick time rate of pay due to Defendants' failure to include all remuneration when calculating the sick time rate of pay. Specifically, Defendants maintained a policy, practice, and/or procedure of failing to include all remuneration including but not limited to award and/or incentive pay for example, when calculating Plaintiff Plaintiffs and the Sick Pay Class regular rate of pay for the purpose of paying sick time.

109.    Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff and the Sick Pay Class, and such conduct has continued through the filing of this Complaint.

110.    Because Defendants failed to provide employees with wages for sick time in compliance with the law, Defendants are liable to Plaintiffs and the Sick Pay Class for payment at the regular rate of compensation for each sick time period that Defendants did not provide sick pay, pursuant to Labor Code section 246.

111.    Plaintiff, on behalf of herself, and the Sick Pay Class, seek damages and all other relief allowable for each sick time period taken where Defendants failed to pay wages for, plus pre-judgment interest.

## SEVENTH CAUSE OF ACTION

## FAILURE TO PROVIDE COMPLETE AND ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE SECTION 226

### (Against All Defendants by Plaintiff and the Wage Statement Class)

112.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

113.    At all times relevant to this Complaint, Plaintiff and the Wage Statement Class were hourly, non-exempt employees of Defendants, covered by Labor Code section 226.

114.    Pursuant to Labor Code section 226, subdivision (a), Plaintiff and the Wage Statement Class were entitled to receive, semimonthly or at the time of each payment of wages, an itemized wage statement accurately stating the following:

(1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

115.    As a derivative of Plaintiff's claims above, Plaintiff alleges that Defendants failed to provide accurate wage and hour statements to her and the Wage Statement Class who were subject to Defendants' control for uncompensated time and who did not receive all their earned wages (including minimum wages, overtime wages, meal period premium wages, and/or rest period premium wages), in violation of Labor Code section 226.

116.    Defendants provided Plaintiff and the Wage Statement Class with itemized statements which stated inaccurate information including, but not limited to, the number of hours worked, the gross wages earned, and the net wages earned.

117.    Defendants' failure to provide Plaintiff and the Wage Statement Class with accurate wage statements was knowing and intentional. Defendants had the ability to provide Plaintiff and the Wage Statement Class with accurate wage statements but intentionally provided wage statements they knew were not accurate. Defendants knowingly and intentionally put in place practices which deprived employees of wages and resulted in Defendants knowingly and intentionally providing inaccurate wage statements. These practices included Defendants' failure to include all hours worked and all wages due.

118.    As a result of Defendants' unlawful conduct, Plaintiff and the Wage Statement Class have suffered injury. The absence of accurate information on their wage statements has prevented earlier challenges to Defendants' unlawful pay practices, will require discovery and mathematical computations to determine the amount of wages owed, and will cause difficulty and expense in attempting to reconstruct time and pay records. Defendants' conduct led to the submission of inaccurate information about wages and amounts deducted from wages to state and

federal government agencies. As a result, Plaintiff and the Wage Statement Class are required to participate in this lawsuit and create more difficulty and expense for Plaintiff and the Wage Statement Class from having to reconstruct time and pay records than if Defendants had complied with their legal obligations.

119.    Pursuant to Labor Code section 226(e), Plaintiff and the Wage Statement Class are entitled to recover fifty (50) dollars per employee for the initial pay period in which a section 226 violation occurred and one hundred dollars per employee per violation for each subsequent pay period, not to exceed an aggregate penalty of four thousand (4,000) dollars per employee.

120.    Pursuant to Labor Code section 226(h), Plaintiff and the Wage Statement Class are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code section 226(a). Injunctive relief is warranted because Defendants continue to provide currently employed Wage Statement Class members with inaccurate wage statements in violation of Labor Code section 226(a) and currently employed Wage Statement Class members have no adequate legal remedy for the continuing injuries that will be suffered as a result of Defendants' ongoing unlawful conduct. Injunctive relief is the only remedy available for ensuring Defendants' compliance with Labor Code section 226(a).

121.    Pursuant to Labor Code sections 226(e) and 226(h), Plaintiff and the Wage Statement Class are entitled to recover the full amount of penalties due under section 226(e), reasonable attorneys' fees, and costs of suit.

## EIGHTH CAUSE OF ACTION

**FAILURE TO PAY ALL WAGES TIMELY UPON SEPARATION OF EMPLOYMENT**

**IN VIOLATION OF LABOR CODE SECTIONS 201, 202, AND 203**

**(Against All Defendants by Plaintiff and the Waiting Time Class)**

122.    Plaintiff incorporates by reference and re-alleges each and every allegation contained in this pleading as though fully set forth herein.

123.    At all times relevant to this Complaint, Plaintiff and the Waiting Time Class were employees of Defendants, covered by Labor Code sections 201 and 202.

124.    An employer is required to pay all unpaid wages timely after an employee's

employment ends. The wages are due immediately upon termination or within seventy-two (72) hours of resignation. Labor Code sections 201, 202. If an employee gave seventy-two (72) hours previous notice, they were entitled to payment of all wages earned and unpaid at the time of resignation. *Id.*

125.    Defendants failed to pay Plaintiff and on information and belief, the Waiting Time Class, with all wages earned and unpaid prior to separation of employment, in accordance with either Labor Code section 201 or 202. Plaintiff is informed and believes and thereon alleges that at all relevant times within the limitations period applicable to this cause of action, Defendants maintained a policy or practice of not paying hourly employees all earned wages timely upon separation of employment.

126.    Defendants' failure to pay Plaintiff and the Waiting Time Class with all wages earned prior to separation of employment timely in accordance with Labor Code sections 201 and 202 was willful. Defendants had the ability to pay all wages earned by hourly workers prior to separation of employment in accordance with Labor Code sections 201 and 202, but intentionally adopted policies or practices incompatible with the requirements of Labor Code sections 201 and 202. Defendants' practices include failing to pay at least minimum wage for all time worked, overtime wages for all overtime hours worked, meal period premium wages, and/or rest period premium wages. When Defendants failed to pay Plaintiff and the Waiting Time Class all earned wages timely upon separation of employment, they knew what they were doing and intended to do what they did.

127.    Pursuant to either Labor Code section 201 or 202, Plaintiff and the Waiting Time Class are entitled to all wages earned prior to separation of employment that Defendants have yet to pay them.

128.    Pursuant to Labor Code section 203, Plaintiff and the Waiting Time Class are entitled to continuation of their wages, from the day their earned and unpaid wages were due until paid, up to a maximum of thirty (30) days.

129.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have suffered damages in an amount, subject to proof, to the extent they were not paid for all wages

1    earned prior to separation of employment.

2        130.    As a result of Defendants' conduct, Plaintiff and the Waiting Time Class have

3    suffered damages in an amount, subject to proof, to the extent they were not paid all continuation

4    wages owed under Labor Code section 203.

5        131.    Plaintiff and the Waiting Time Class are entitled to recover the full amount of their

6    unpaid wages, continuation wages under Labor Code section 203, and interest thereon, and

7    reasonable attorney's fees and costs under Labor Code section 218.5.

8                                **NINTH CAUSE OF ACTION**

9    **UNFAIR BUSINESS PRACTICES, IN VIOLATION OF BUSINESS AND PROFESSIONS**

10                          **CODE SECTIONS 17200, ET SEQ.**

11              **(Against All Defendants by Plaintiff and the California Class)**

12       132.    Plaintiff incorporates by reference and re-alleges each and every allegation

13    contained in this pleading as though fully set forth herein.

14       133.    The unlawful conduct of Defendants alleged herein constitutes unfair competition

15    within the meaning of Business and Professions Code section 17200. This unfair conduct includes

16    Defendants' use of policies, practices, and/or procedures which resulted in: failure to pay

17    employees at least at the minimum wage rate for all hours which they worked; failure to pay

18    overtime wages for all overtime hours worked; failure to authorize or permit all legally required

19    and/or compliant meal periods or pay meal period premium wages; failure to authorize or permit

20    all legally required and/or compliant rest periods or pay rest period premium wages; failure to

21    indemnify all necessary expenditures or losses incurred in direct consequence of discharging

22    duties; failure to pay wages for accrued paid sick time at the regular rate of pay; failure to provide

23    accurate wage and hour statements; and failure to timely pay all wages due upon separation of

24    employment. Due to their unfair and unlawful business practices in violation of the Labor Code,

25    Defendants have gained a competitive advantage over other comparable companies doing business

26    in the State of California that comply with their obligations to pay minimum wages for all hours

27    worked; pay overtime wages for all overtime hours worked; authorize or permit all legally

28    required and/or compliant meal periods or pay meal period premium wages; authorize or permit all

1  legally required and/or compliant rest periods or pay rest period premium wages; indemnify all

2  necessary expenditures or losses incurred in direct consequence of discharging duties; failure to

3  pay wages for accrued paid sick time at the regular rate of pay; provide accurate wage and hour

4  statements; and timely pay all wages due upon separation of employment.

5      134.    As a result of Defendants' unfair competition as alleged herein, Plaintiff and the

6  California Class have suffered injury in fact and lost money or property, as described in more

7  detail above.

8      135.    Pursuant to Business and Professions Code section 17203, Plaintiff and the

9  California Class are entitled to restitution of all wages and other monies rightfully belonging to

10  them that Defendants failed to pay and wrongfully retained by means of their unlawful and unfair

11  business practices. Plaintiff also seeks an injunction against Defendants on behalf of the California

12  Class enjoining Defendants, and any and all persons acting in concert with them, from engaging in

13  each of the unlawful policies, practices, and/or procedures set forth herein, along with reasonable

14  attorney's fees and costs under Code of Civil Procedure section 1021.5 and other applicable

15  statutes.

16                              **PRAYER FOR RELIEF**

17      **WHEREFORE, PLAINTIFF ON HER OWN BEHALF AND ON BEHALF OF**

18  **THOSE SIMILARLY SITUATED, PRAYS AS FOLLOWS:**

19      **ON THE FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH,**

20  **EIGHTH, AND NINTH CAUSES OF ACTION:**

21      1.    That the Court determine that this action may be maintained as a class action (for

22  the entire California Class and/or any and all of the specified sub-classes) pursuant to Code of

23  Civil Procedure section 382 and any other applicable law;

24      2.    That the named Plaintiff be designated as a class representative for the California

25  Class (and all sub-classes thereof);

26      3.    For a declaratory judgment that the policies, practices, and/or procedures

27  complained herein are unlawful; and

28      4.    For an injunction against Defendants enjoining them, and any and all persons

acting in concert with them, from engaging in each of the unlawful policies, practices, and/or procedures set forth herein.

**ON THE FIRST CAUSE OF ACTION:**

1.    That Defendants be found to have violated the minimum wage provisions of the Labor Code and the IWC Wage Order as to Plaintiff and the Minimum Wage Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For liquidated damages pursuant to Labor Code section 1194.2;

5.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

6.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194;

7.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 218.6, and post-judgment interest; and

8.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE SECOND CAUSE OF ACTION:**

1.    That Defendants be found to have violated the overtime provisions of the Labor Code and the IWC Wage Order as to Plaintiff, the Overtime Class, and the Regular Rate Class;

2.    For damages, according to proof, including but not limited to unpaid wages;

3.    For any and all legally applicable penalties;

4.    For pre-judgment interest, including but not limited to that recoverable under Labor Code section 1194, and post-judgment interest;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 1194; and

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE THIRD CAUSE OF ACTION:**

1  1.  That Defendants be found to have violated the meal period provisions of the Labor

2 Code and the IWC Wage Order as to Plaintiff, the Meal Period Class, and the Meal Period

3 Premium Wages Class;

4  2.  For damages, according to proof, including unpaid premium wages;

5  3.  For any and all legally applicable penalties;

6  4.  For pre-judgment interest, including but not limited to that recoverable under Labor

7 Code section 218.6, and post-judgment interest; and

8  5.  For such other further relief, in law and/or equity, as the Court deems just or

9 appropriate.

10       **ON THE FOURTH CAUSE OF ACTION:**

11  1.  That Defendants be found to have violated the rest period provisions of the Labor

12 Code and the IWC Wage Order as to Plaintiff, the Rest Period Class, and the Rest Period Premium

13 Wages Class;

14  2.  For damages, according to proof, including unpaid premium wages;

15  3.  For any and all legally applicable penalties;

16  4.  For pre-judgment interest, including but not limited to that recoverable under Labor

17 Code section 218.6, and post-judgment interest; and

18  5.  For such other further relief, in law and/or equity, as the Court deems just or

19 appropriate.

20       **ON THE FIFTH CAUSE OF ACTION:**

21  1.  That the Defendants be found to have violated the indemnification provisions of the

22 Labor Code as to the Plaintiff and the Indemnification Class;

23  1.  For damages, according to proof, including unpaid use and/or costs of necessary

24 tools and/or resources;

25  2.  For any and all legally applicable penalties;

26  3.  For pre-judgment interest, including but not limited to that recoverable under Labor

27 Code section 2802, and post-judgment interest;

28  4.  For attorneys' fees and costs of suit, including but not limited to that recoverable

1    under Labor Code section 2802; and

2        5.    For such other further relief, in law and/or equity, as the Court deems just or

3    appropriate.

4                        **ON THE SIXTH CAUSE OF ACTION:**

5        1.    That Defendants be found to have violated the provisions of the Labor Code

6    regarding failure to pay wages for accrued paid sick time as to Plaintiffs and the Sick Pay Class;

7    produce requested employment records as to Plaintiffs and the Record Request Class;

8        2.    For damages and/or penalties, according to proof, including unpaid regular rate

9    wages;

10        3.    For any and all legally applicable penalties;

11        4.    For pre-judgment interest, including but not limited to that recoverable under Labor

12    Code section 218.6, and post-judgment interest; and

13        5.    For such other further relief, in law and/or equity, as the Court deems just or

14        appropriate.

15                      **ON THE SEVENTH CAUSE OF ACTION:**

16        1.    That Defendants be found to have violated the provisions of the Labor Code

17    regarding accurate itemized paystubs as to Plaintiff and the Wage Statement Class;

18        2.    For damages and/or penalties, according to proof, including damages and/or

19    statutory penalties under Labor Code section 226, subdivision (e), and any other legally applicable

20    damages or penalties;

21        3.    For pre-judgment interest and post-judgment interest;

22        4.    For an injunction against Defendants enjoining them, and any and all persons

23    acting in concert with them, from engaging in violations of Labor Code section 226, subdivision

24    (a);

25        5.    For attorneys' fees and costs of suit, including but not limited to those recoverable

26    under Labor Code section 226, subdivision (e); and

27        6.    For such other further relief, in law and/or equity, as the Court deems just or

28    appropriate.

**ON THE EIGHTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated the provisions of the Labor Code regarding payment of all unpaid wages due upon resignation or termination as to Plaintiff and the Waiting Time Class;

2.    For damages and/or penalties, according to proof, including damages and/or statutory penalties under Labor Code section 203 and any other legally applicable damages or penalties;

3.    For pre-judgment interest, including under Labor Code section 218.6, and post-judgment interest;

4.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Labor Code section 218.5; and

5.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

**ON THE NINTH CAUSE OF ACTION:**

1.    That Defendants be found to have violated Business and Professions Code sections 17200, *et seq.*, for the conduct alleged herein as to the California Class;

2.    A declaratory judgment that the practices complained herein are unlawful;

3.    An injunction against Defendants enjoining them, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies and patterns set forth herein;

4.    For restitution to the full extent permitted by law;

5.    For attorneys' fees and costs of suit, including but not limited to that recoverable under Code of Civil Procedure section 1021.5; and

6.    For such other further relief, in law and/or equity, as the Court deems just or appropriate.

Dated: March 13, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _____
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Jeffrey D. Klein, Esq.
Chloe J. Sykes, Esq.
Attorneys for Plaintiff
BRITNEY MENDOZA,
on behalf of herself and others similarly situated and
others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff BRITNEY MENDOZA demands a trial by jury for herself and the California Class on all claims so triable.

Dated: March 13, 2025

Respectfully submitted,
**LAVI & EBRAHIMIAN, LLP**

By: _____
Joseph Lavi, Esq.
Vincent C. Granberry, Esq.
Jeffrey D. Klein, Esq.
Chloe J. Sykes, Esq.
Attorneys for Plaintiff
BRITNEY MENDOZA,
on behalf of herself and others similarly situated and
others similarly situated

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Joseph Lavi, Esq. (SBN 209776); Vincent C. Granberry, Esq. (SBN 276483)<br>LAVI & EBRAHIMIAN, LLP, 8889 W. Olympic Blvd, Suite 200, Beverly Hills, CA 90211<br><br>TELEPHONE NO.: (310) 432-0000    FAX NO.: (310) 432-0001<br>EMAIL ADDRESS: vgranberry@lelawfirm.com; jklein@lelawfirm.com; csykes@lelawfirm.com<br>ATTORNEY FOR (Name): PLAINTIFF BRITNEY MENDOZA | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED BY**<br>Superior Court of California,<br>County of Monterey<br>On 3/13/2025 3:20 PM<br>By: Ashley Kotila, Deputy |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MONTEREY |
|---|
| STREET ADDRESS: 1200 Aguajito Road |
| MAILING ADDRESS: 1200 Aguajito Road |
| CITY AND ZIP CODE: Monterey, CA 93940 |
| BRANCH NAME: Monterey Courthouse |

| CASE NAME:<br>Mendoza v. CVS Pharmacy, Inc., et al. | |
|---|---|

| **CIVIL CASE COVER SHEET**<br>[x] Unlimited    [ ] Limited<br>(Amount      (Amount<br>demanded    demanded is<br>exceeds $35,000)   $35,000 or less) | **Complex Case Designation**<br>[ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER: 25CV001377 |
|---|---|---|
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint (not specified above) (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition (not specified above) (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): Nine (9)
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 13, 2025

Chloe J. Sykes, Esq.
_____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.      Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET
**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CI-127

# Alternative Dispute Resolution

(INFORMATION PACKET)

OPTIONS FOR RESOLVING YOUR DISPUTE

## There Are Alternatives to Going to Trial

Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.

## Advantages of ADR

Here are some potential advantages of using ADR:

**Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.

- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?

The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.

## Mediation

In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

---

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 1 of 2

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

## Arbitration

In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.

Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.

**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

## Neutral Evaluation

In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

## Settlement Conference

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

Form Approved for Mandatory Use
CI-127 Rev. September, 2013

**ALTERNATIVE DISPUTE RESOLUTION
INFORMATION PACKET**
(Civil)

Monterey County Superior Court
Page 2 of 2

| SUPERIOR COURT OF MONTEREY COUNTY<br>**Monterey Branch**, 1200 Aguajito Road, Monterey, CA 93940 | |
|---|---|
| **BRITNEY MENDOZA**<br>**vs.**<br>**CVS PHARMACY, INC., et al.** | **CASE NUMBER**<br>**25CV001377** |
| | **Case Management Conference** |

## NOTICE OF ASSIGNMENT AND CASE MANAGEMENT CONFERENCE

**Your case is assigned for all purposes to the Honorable Thomas W Wills.**

Your civil case, excluding unlawful detainer and collections are a rotational assignment among three judicial officers:
Judge Thomas W. Wills; Judge Carrie M. Panetta, Judge Ian A. Rivamonte

Your provisionally complex case or "is complex" designation at case initiation are assigned ODD/EVEN by ending number among two judicial officers:    Judge Thomas W. Wills and Judge Carrie M. Panetta

This notice, which includes the Alternative Dispute Resolution (ADR) information packet (CI-127), <u>must</u> be served together with the Summons and Complaint or Petition pursuant to California Rule of Court 3.221. *Parties are required to follow the complex case instructions, case management rules as outlined in California Rule of Court 3.722 and Chapter 6 of the Local Rules of Court, all can be found on the court website at* <u>www.monterey.courts.ca.gov</u>. A case management statement from each party or joint statement shall be filed prior to the conference as outlined in California Rule of Court 3.725.

---

**Date: <u>July 15, 2025</u>      Time:9:00 AM_     Department 15 \***

**Location: <u>Monterey Courthouse, 1200 AGUAJITO ROAD, MONTEREY, CA 93940</u>**

\*If appearing remotely be sure and access the correct link:
 Judge Thomas W. Wills – Dept. 15
 Judge Carrie M. Panetta – Dept. 14
 Judge Ian A. Rivamonte – 13a
Information regarding remote appearance can be found at: <u>https://www.monterey.courts.ca.gov/remote</u>

---

## COURT REPORTER INFORMATION

**Effective January 1, 2022**, Monterey County Superior Court will only be providing court reporter services in the following, statutorily-mandated case types:

1. Death penalty proceedings under Penal Code §190.9;
2. Juvenile proceedings not before a referee or commissioner under Welfare & Institutions Code §347 and §677;
3. Felony cases under Code of Civil Procedure §269; and
4. "Withdrawal of consent to adopt" proceedings under Family Code §9005.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**          [Rev. June 2022]

**(Civil)**

For all other, non-statutorily-mandated cases, litigants who need court reporter services, and who are not entitled to a court-provided reporter due to indigency, will need to arrange for such services.

Pursuant to statutes of the State of California, it is the responsibility of the court to establish procedures for the timely and effective disposition of civil cases.

The court is charged with the responsibility of ensuring all parties a fair and timely resolution of their disputes, and the court is in the best position to establish neutral rules and policies without adversely affecting all parties' right to a fair trial. Effective management of the judicial system will build continuing respect by the community of government, minimize the costs to the parties and the public, and maximize the probability that cases will be timely resolved.

The goals of the Monterey County civil case and trial management system are:

1. To provide an effective and fair procedure for the timely disposition of civil cases;
2. To provide a mechanism to gather needed case information in order to make appropriate judicial management decisions; and
3. To establish reasonable rules and policies to require that cases reporting "ready" for trial may be tried without unnecessary delays or interruptions.

*Court proceedings are in English. If you or a witness in your case needs an interpreter, please complete Judicial Council form INT—300.* **You must file INT-300 at the first floor clerks counter (or by e-file) 15\* business days prior to your hearing.**
*Los procedimientos judiciales son en inglés. Si usted o un testigo en su caso necesita un intérprete, complete el formulario INT-300 del Consejo Judicial.* **Debe presentar el INT-300 con los empleados legales de la oficina del primer piso (o mediante archivo electrónico) 15\* días hábiles antes de su audiencia.**

---

### Alternative Dispute Resolution (CI-127) - (INFORMATION PACKET)
### OPTIONS FOR RESOLVING YOUR DISPUTE

**There Are Alternatives to Going to Trial**
Did you know that 95 percent of all civil cases filed in court are resolved without going to trial? Many people use processes other than trial to resolve their disputes. These alternative processes, known as Alternative Dispute Resolution or ADR, are typically less formal and adversarial than trial, and many use a problem-solving approach to help the parties reach an agreement.
**Advantages of ADR**
Here are some potential advantages of using ADR:
- **Save Time:** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.
- **Save Money:** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, and expert's fees.
- **Increase Control over the Process and the Outcome:** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. June 2022]

**(Civil)**

- **Preserve Relationships:** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.
- **Increase Satisfaction:** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.
- **Improve Attorney-Client Relationships:** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

Because of these potential advantages, it is worth considering using ADR early in a lawsuit or even before you file a lawsuit.

## What Are the ADR Options?
The most commonly used ADR processes are mediation, arbitration, neutral evaluation, and settlement conferences.
## Mediation
In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties. The Monterey County Superior Court offers a Court-Directed Mediation Program.

**Cases for Which Mediation May Be Appropriate:** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use.

Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May Not Be Appropriate:** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.
## Arbitration
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed.
Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision in binding arbitration. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision. The Monterey County Superior Court offers a nonbinding judicial arbitration program.
**Cases for Which Arbitration May Be Appropriate:** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.
**Cases for Which Arbitration May Not Be Appropriate:** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.
## Neutral Evaluation
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is nonbinding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

---

**NOTICE OF ALL PURPOSE CASE ASSIGNMENT**    [Rev. June 2022]

**(Civil)**

**Cases for Which Neutral Evaluation May Be Appropriate:** Neutral evaluation may be most appropriate in cases in which there are technical issues that require expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May Not Be Appropriate:** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

<u>**Settlement Conference**</u>

Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement
conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set